OPINION OF THE COURT
Jeffry H. Gallet, J.
The landlord in this summary proceeding seeks to evict her rent stabilized tenant on the grounds that she needs the tenant’s apartment for her mother’s occupancy. The tenant defends on the dual grounds that the landlord has failed to demonstrate good faith as required by subdivision *195 (b) of section 54 of the amended Code of the Real Estate Industry Stabilization Association of New York City (the Code) and that her right to a renewal lease vested because the landlord’s grounds under subdivision (b) of section 54 did not exist at the time the landlord was required to offer her a renewal lease.
GOOD FAITH
The good faith issue is the easier to decide. The court is convinced that the landlord, who is the owner of one eight-unit building where she also resides and who seeks to recover the apartment in question as a residence for her somewhat infirm 87-year-old ,mother, is acting in good faith and has met her burden of proof under subdivision (b) of section 54 of the Code.
QUESTION
Does a landlord have to plead and prove that the grounds not to renew a lease of a rent stabilized tenant under section 54 of the Code existed at the time the landlord was required to offer the tenant a renewal lease under section 60 of the Code?
LAW
Section 60 of the Code requires a landlord to notify her tenant of the tenant’s right, at tenant’s option, to a one, two or three-year renewal lease, at an appropriate rent increase, between 150 and 120 days before the expiration of the tenant’s current lease. Subdivision (b) of section 54 permits a landlord to refuse to offer a renewal lease if she, in good faith, wishes the apartment as a residence for a member of her immediate family. That section 60 creates a vested right for a tenant to renew her lease on the 120th day before expiration of the existing lease, is well-established law. (Bosco v Zbikowski, NYLJ, Nov. 21,1979, p 12, col 5; Simon v Elkon, NYLJ, April 26, 1976, p 6, col 1; De Santis v Randolph, 103 Misc 2d 573; Matter of D’Angelo [New York City Conciliation & Appeals BdJ, NYLJ, Jan. 31, 1979, p 6, col 2.)
The vesting can be defeated if the landlord proves one of the grounds for eviction set forth in section 54 of the Code *196 and that such section 54 grounds existed on the vesting date. (Bosco v Zbikowski, supra.) To. allow the landlord to plead and prove only one of the Code section 54 grounds for eviction, without having to plead and prove that such grounds existed as of the last date a renewal lease had to be offered would frustrate the purpose of section 60 and permit landlords to refuse to offer renewal leases until section 54 grounds arose, a possibility already rejected by the courts. (Simon v Elkon, supra; Matter of D’Angelo [New York City Conciliation & Appeals Bd.], supra.)
FACTS
The landlord has met her substantive burden of proving good faith under subdivision (b) of section 54 of the Code.
The parties stipulated that the landlord did not offer a renewal lease to the tenant during the period between 150 and 120 days prior to the expiration of the tenant’s lease. They further agreed that the first notice the tenant received that the owner intended not to renew the lease came about 60 days before expiration of the lease.
The only proof on trial as to when the landlord’s section 54 grounds arose was on direct examination of the landlord, who in answer to her lawyer’s question: “When did you decide you wanted to recover the apartment?” answered, “I couldn’t say, give you a date”.
DECISION
The landlord’s best proof that her grounds under subdivision (b) of section 54 existed prior to the last day she was required to offer a renewal lease would have been to notify the tenant of that fact in the same manner as required for a renewal notice under section 60. Absent such notice, the landlord must meet her burden of proof that the grounds under subdivision (b) of section 54 existed at least 120 days prior to expiration of the tenant’s lease. She has failed to do so and is required to offer the tenant a choice of a one, two or three-year renewal lease.
Accordingly, judgment for the respondent.