OPINION OF THE COURT
Stanley H. Nason, J.
This holdover summary preceding is brought pursuant to subdivision (b) of section 54 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Code). Since September, 1980 petitioner has employed a full-time housekeeper who presently must share a bedroom with petitioner’s four-year-old child.
On November 7, 1980, petitioner advised respondent in writing that respondent’s lease would not be renewed and on February 28, 1981, the lease expired. Manifestly, the written notification was sent less than 120 days prior to expiration.
Pursuant to section 60 of the Code, ordinarily the landlord must provide the tenant with a written offer to renew the lease, not more than 150 days nor less than 120 days prior to the expiration of the lease. Cases hold that section 60 creates a vested right for a tenant to renew a lease on the 120th day before the expiration of the existing lease (Short v Graves, 107 Misc 2d 194; Bosco v Zbikowski, NYLJ, Nov. 21, 1979, p 12, col 5; Simon v Elkon, NYLJ, April 26, 1976, p 6, col 1).
*806 However, where the landlord’s good faith need for the apartment existed more than 120 days before the expiration of the lease, but where the landlord failed to notify the tenant of his or her intention not to renew the lease, does the tenant continue to have a vested right to a renewal lease?
Respondent cites Short v Graves (supra) for the proposition that the tenant has a vested right to a renewal lease. Short, however, has findings of fact entirely different from those in the present case. The Short case indicated that the tenant’s right could be defeated upon the landlord’s showing that one of the grounds for eviction set forth in section 54 of the Code existed on the vesting date. The court there held that while the landlord had established her good faith, she did not prove that the basis for her good faith need existed prior to the “vesting date.”
In Bosco v Zbikowski (supra), the court held that landlord was required to offer the tenant a renewal lease, where the grounds under subdivision (b) of section 54 of the Code did not exist on the last day that the landlord was required to offer a renewal lease and did not deal with the question before this court.
Where, as here, landlord established to the satisfaction of the court that a good-faith need for the unit existed more than 120 days prior to the expiration of the lease, in sum, to require the landlord to send a renewal offer pursuant to section 60 of the Code would be to require a futile act. Moreover, subdivision (b) of section 54 of the Code does not require that a notice of intention not to renew the lease, by reason of one of the grounds listed in subdivision (b) of section 54 be served upon the tenant within any particular time period.
In view of the foregoing, final judgment for petitioner, issuance and execution of the warrant stayed through and including September 30, 1981. Use and occupancy at current rent.