Tierney, J. P.
(dissenting). I would reverse the judgment entered which awarded possession of the subject premises to the tenant.
In this case the landlord sought to obtain possession of the tenant’s apartment for her own use upon the expiration of the lease and to be occupied by her 87-year-old mother. *676 She proceeded to obtain the apartment in accordance with the provisions of subdivision (b) of section 54 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Rent Stabilization Code) which provides as follows:
“The owner shall not be required to offer a renewal lease to a tenant only upon one of the following grounds:
“(b) Occupancy by owner or immediate family. The owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy or for the use and occupancy of his immediate family; the term “immediate family” includes a husband, wife, son, daughter, stepson, stepdaughter, father, mother, father-in-law or mother-in-law.”
Although prior notice was not required by the statute, it was stipulated at trial, between the parties, that 60 days before the expiration date of tenant’s lease the landlord did advise the tenant that her lease would not be renewed because of the need the landlord had to obtain the apartment for her mother.
Subdivision (b) of section 54 of the Rent Stabilization Code does not require that a notice of intention not to renew the lease be served upon the tenant within any particular time. Here we are confronted with a conflict between the correct interpretation of subdivision (b) of section 54 and the enumerated time period found in section 60 of the Rent Stabilization Code. Significantly there is no requirement under section 60 that a landlord notify the tenant within the specified 150- to 120-day period before the expiration of the lease that the landlord intends not to renew the tenant’s lease. It requires only that the landlord notify the tenant of the expiration date when offering a renewal of the lease. In this case the notice by the landlord to the tenant with respect to renewal as provided in section 60 of the Rent Stabilization Code would not only be a futile act but more importantly would be inconsistent with the intent of the landlord to occupy the tenant’s apartment upon the expiration of the lease (see Bradford v Holmes, 109 Misc 2d 805).
The landlord’s mother was, at the time of the trial, 87 years of age, living alone, in poor health after a bad *677 medical history and residing in Stuyvesant Town, a number of miles from her daughter’s building located at 520 East 85th Street. The court below found that the landlord had proved a good faith intention to place her mother in the apartment. The totality of the facts and circumstances in this case establish that the landlord’s — good faith need — to seek the apartment of the tenant for a member of her family existed prior to 120 days before the expiration of the lease and, although not required, the tenant was notified within 60 days before the expiration of the lease.
I find that the landlord complied fully with the only provision of the Rent Stabilization Code, namely, subdivision (b) of section 54 which was relevant to the result desired in having the landlord obtain the apartment for her mother.
Accordingly, I recommend that the final judgment of possession rendered in favor of the tenant be reversed.
Concur: Riccobono and Asch, JJ.; Tierney, J. P., dissents in a separate memorandum.